UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RICHARD W. PORTER, JR.,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **MALDEN DISTRICT COURT, et al.,** ) <br> ) <br> Defendants. ) <br> ) | **CIVIL ACTION NOS.** <br> **24-40048-MRG** <br> **24-40068-MRG** |

**ORDER**
**May 9, 2024**

**GUZMAN, D.J.**

In these actions, plaintiff Richard W. Porter, Jr., who is representing himself, alleges that pursuant to a series of commitment orders, he has been wrongfully confined at the Worcester Recovery Center and Hospital ("WRCH") since the fall of 2020. For the reasons set forth below, the Court DISMISSES these actions and DIRECTS Porter to show good cause why he should not be enjoined from filing any new case on the civil docket of this action without first receiving permission to do so.

**I.   Dismissal**

These cases are similar to many other cases Porter has filed in this Court in which he alleges that his confinement at WRCH is unlawful, seeks release, and, in some cases, seeks damages. *See Porter v. Commonwealth*, C.A. 22-40101-ADB; *Porter v. Commonwealth*, C.A. No. 23-40084-MRG; *Porter v. Malden Dist. Ct.*, C.A. No. 23-40086-TSH; *Porter v. Commonwealth*, C.A. No. 23-40114-TSH; *Porter v. Wakefield Police*, C.A. No. 23-40130-MRG; *Porter v. CPCS*, C.A. No. 23-40146-MRG; *Porter v. Frommer*, C.A. No. 23-40153-MRG;

*Porter v. Dep't of Mental Health*, C.A. No. 23-40163-MRG; *Porter v. Town of Wakefield*, C.A. No. 23-40181-MRG; *Porter v. CPCS*, C.A. No. 24-40009-MRG.[1]  In dismissing these cases, the Court explained that claims challenging the commitment orders and the legality of Porter's present custody—however framed by Porter—may only be asserted in this Court in a habeas petition after the exhaustion of state court remedies, and that Porter had not made anything showing that he had exhausted his state court remedies.  For the same reasons articulated in the above-identified cases, the Court DISMISSES this action.

**II.     Enjoinment**

On March 6, 2024, the Court dismissed three cases in which Porter challenged the legality of his custody, and, in addition, gave notice to Porter that (1) his repetitive filing of claims concerning the legality of his confinement that had already been rejected by the Court constituted an abuse of the judicial system; and (2) his claims in other cases concerning his alleged ownership of certain parcels of real property were frivolous; and (3) if he persisted in filing repetitious or frivolous claims, he could be subject to sanctions, including, without limitation, an injunction requiring him to obtain the Court's permission before filing a new action or limitations on his ability to proceed without prepayment of the filing fee.  *See Porter v. Wakefield Police Dep't*, C.A. No. 23-40130-MRG (ECF Nos. 18, 19); *Porter v. Frommer*, C.A. No. 23-40153-MRG (ECF Nos. 5, 6); *Porter v. Committee for Public Counsel Servs.*, C.A. No. 24-40009-MRG (ECF Nos. 3, 4).

Notwithstanding Porter commenced the present actions, thus engaging in the very type of abuse of the judicial system against which the Court had already warned him.  As Porter is

---

[1] Notably, Porter did not appeal the dismissal of any of these cases.

unwilling or unable to heed the Court's warning against filing repetitious and/or frivolous actions, the Court finds that it is appropriate to enjoin Porter from filing any new cases on the civil docket of this Court without first receiving permission to do so.  The Court may impose this filing restriction pursuant to its "responsibility to see that [judicial] resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989) (per curiam).

Before issuing an order of enjoinment, the Court will afford Porter an opportunity to show cause why this filing restriction should not be imposed.  Accordingly, Porter is DIRECTED to show good cause why he should not be enjoined from filing few cases on the civil docket of this Court without first receiving permission to do so.  If Porter fails to show good cause why he should not be so enjoined within twenty-eight (28) days, the Court will issue an order of enjoinment.

**III.    Conclusion**

Accordingly, for the reasons set forth above, the Court hereby orders:

1.    This action is DISMISSED.

2.    All pending motions shall be terminated as moot.

3.    Porter shall not file any further documents in these actions, with the exception of a response to the Court's show cause directive, a notice of appeal, or a motion to appeal *in forma pauperis*.  Failure to comply with this order may result in sanctions.  If the Clerk accepts documents submitted in violation of this order, said documents shall not be docketed as motions (even if Porter designates them as such), and the Court will not take any action on them.  At his discretion, the Clerk may return to Porter documents submitted in violation of this order.

4.       The Court directs Porter to show good cause in writing why he should not be enjoined from commencing new actions on the civil docket of this Court without first receiving permission to do so.  Failure to follow this directive within twenty-eight (28) days will result in imposition of said order of enjoinment.

**So Ordered.**

 /s/ Margaret R. Guzman
MARGARET R. GUZMAN
UNITED STATES DISTRICT JUDGE

Dated:  May 8, 2024